IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JON R. PERROTON, AU7594,           )
                                          )
       Petitioner,               )    No. C 14-3964 CRB (PR)
                                          )
  vs.                                 )    ORDER TO SHOW CAUSE
                                          )
TIM PEREZ, Acting Warden,      )
                                          )
       Respondent.           )
                                          )

Petitioner, a state prisoner currently incarcerated at the California Institution for Men (CIM) in Chino,[1] has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Santa Clara County Superior Court.

**BACKGROUND**

On May 18, 2012, petitioner pleaded no contest to one count of theft or embezzlement of more than $950 from an elder or dependent adult, one count of forgery and one count of insufficient funds check. He also admitted the allegation that the crimes occurred while the victim was residing in Santa Clara County and admitted that he had suffered two prior felony convictions. Pursuant to the plea agreement, petitioner was sentenced to three years formal probation, but violated probation and at some point in 2014 was sentenced to state prison.

---

[1] The clerk is instructed to update petitioner's mailing address in the docket as follows: Jon R. Perroton, AU7594, CIM Facility D, P.O. Box 600, Chino, CA 91708.

On June 6, 2014, petitioner filed a petition for a writ of habeas corpus in Santa Clara County Superior Court.  It was denied on June 19, 2014, and after petitioner moved for reconsideration, it was denied again on July 17, 2014.

On June 5, 2014, petitioner filed a petition for a writ of habeas corpus in the Supreme Court of California.  It was denied on August 13, 2014.

## DISCUSSION

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

B.   Claims

Petitioner seeks federal habeas corpus relief by raising the following claims: (1) petitioner's admission of the two prior felony convictions was not voluntary or knowing/intelligent; (2) no factual basis was established for petitioner's plea of no contest to the forgery count; (3) Santa Clara County Superior Court lacked territorial jurisdiction over the insufficient funds check count; and (4) ineffective assistance of counsel because counsel failed to investigate the charges before advising petitioner to plead no contest.

It well established that the only challenges left open in federal habeas corpus after a plea of guilty (or a plea of no contest) is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead.  Hill v. Lockhart, 474 U.S. 52, 56-57 (1985).  Liberally construed, petitioner's

claims (1) and (4) appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).[2]

Petitioner's claims (2) and (3) are DISMISSED because it is well established that federal habeas relief under § 2254 is unavailable for a claim that a state court failed to establish a factual basis of a no contest plea, see Loftis v. Almager, 704 F.3d 645, 648 (9th Cir. 2012) (if no contest plea is entered, Constitution does not require that state courts find a factual basis for the plea), or for a claim based on the Sixth Amendment right to be tried in the state and district where a crime is alleged to have been committed, see Stevenson v. Lewis, 384 F.3d 1069, 1071-72 (9th Cir. 2004) (affirming denial of a habeas petition claiming that petitioner's trial in one county for a crime he committed in another county violated Vicinage Clause of 6th Amendment because state court's rejection of the claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent; Supreme Court has not yet decided whether Vicinage Clause applies to the states through the 14th Amendment).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Respondent shall direct the trust account office at CIM to withdraw $5.00 from petitioner's prisoner trust account to cover the filing fee for this habeas action (petitioner has consented to the withdrawal) and to mail a check for said amount to the court clearly noting petitioner's name and instant case number, 14-3964 CRB.

---

[2]But see Rodriguez v. Ricketts, 798 F.2d 1250, 1254 (9th Cir. 1986) (due process does not require a state court to enumerate all the rights a defendant waives when he enters a guilty plea as long as the record indicates that the plea was entered voluntarily and understandingly).

2. The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

5. Petitioner is reminded that he must keep the court and all parties informed of any change of address.

SO ORDERED.

DATED: Jan. 5, 2015

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.14\Perroton, J.14-3964.osc.wpd